IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RONALD SMITH, § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | CIVIL ACTION NO.5:23-CV-00881-OLG | |
| § | | |
| GUADALUPE COUNTY, TEXAS, § | | |
| HUNTER SAENZ, ROBERT LOCKER, § | | |
| JIMMY GONZALEZ § | | |
| *Defendants* § | | |

**DEFENDANTS GUADALUPE COUNTY, TEXAS, HUNTER SAENZ, ROBERT LOCKER, AND JIMMY GONZALEZ'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Guadalupe County, Hunter Saenz, Robert Locker, and Jimmy Gonzalez (hereinafter, "Defendants"), by and through the undersigned counsel of record, file this Reply to Plaintiff Ronald Smith's Response to Defendants' Motion to Dismiss for Failure to State a Claim. In support thereof, Defendants show the Court as follows:

### I. Plaintiff Has Mischaracterized and Misquoted Defendants' Statements

Plaintiff's counsel repeatedly mischaracterized Defendants' statements and even created false statements that are not included in any filings. First, Plaintiff states that Defense Counsel, Eric Magee, said "Smith was playing IN the road." *See* Dkt. 9, Page 6. Nowhere in any of Defendants' pleadings does the language "playing in the road" appear, much less anything quoted by Mr. Magee. *See* Dkt. 1, Dkt. 4, Dkt. 6, Dkt. 8. Then, Plaintiff states that Mr. Magee said "Smith's conduct of moving away was illegal." *See* Dkt., Page 9. Once again, Mr. Magee never stated that Plaintiff's conduct was illegal, and nothing in Defendants' pleadings used that language. *See* Dkt. 1, Dkt. 4, Dkt. 6, Dkt. 8. Any use of the word "illegal" was in relation to legal argument,

and was not made in any definitive statement, and the exact phrase never appeared in Defendants' pleadings, much less quoted to Mr. Magee. Then, Plaintiff states that Mr. Magee stated that "we concede Smith was harmed by the pepper round." *See* Dkt. 9, Page 8. Defendants never used the word "concede" in their pleadings. *See* Dkt. 1, Dkt. 4, Dkt. 6, Dkt. 8. Defendants in fact stated that they did dispute that Plaintiff was injured, and even took him to the hospital where he was immediately cleared because he showed no sign of injury. *See* Dkt. 6, Page 7; Dkt. 8, Page 10, 13. Plaintiff has knowingly made false statements of material fact or law to a tribunal which is a violation of the Texas Disciplinary Rules of Professional Conduct. See Tex. Disciplinary R. Prof'l Conduct 3.03(a)(1); *see generally Cohn v. Comm'n for Lawyer Discipline*, 979 S.W.2d 694 (Tex.App.—Houston [14th Dist.] 1998, no pet.). Plaintiff, instead of arguing the facts that are known to the party, has made up false statements and used those to his advantages, without consideration of factual statements. For that reason alone, Plaintiff's claims should be dismissed.

## II.   Defendants Are Entitled to Qualified Immunity

Defendants are entitled to qualified immunity because they all exercised discretionary authority in performing their duties reasonably. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). The test for qualified immunity has two parts: first, the Plaintiff must establish that a public official's conduct deprived the Plaintiff of a clearly established constitution right, and then, the Plaintiff must show that the official's conduct was not objectively reasonable. *Sanchez v. Swyden*, 139 F.3d 464, 466-67 (5th Cir. 1998). Plaintiff has not properly pled any facts that show that Defendants' actions were not objectively reasonable. Plaintiff once more states that Saenz was not dispatched as a valid reason to show that Saenz's actions were not objectively reasonable. Officers do not have to be dispatched in order to investigate suspicious behavior. Plaintiff states that he and Saenz never communicated with one another before his arrest, ignoring his own conduct in

obstructing any communication between them. When Saenz first approached Plaintiff, he was on the phone, and would not talk to Saenz. After that, Plaintiff refused to speak to any of the Defendants without an attorney present. Plaintiff states that he was unarmed, but does not indicate that Defendants would have known that Plaintiff was unarmed. Defendants saw a man behaving erratically on the side of the highway, yelling on the phone, trespassing on people's properties, and based on their training, responded in an objectively reasonable manner. Thus, Defendants are entitled to qualified immunity.

### III.     Guadalupe County is Also Entitled to Dsimissal

Plaintiff states that he has pled official policies, customs, or practices of Guadalupe County that were the moving force behind the violation of Constitutional rights. Once more, Plaintiff has not stated any policy promulgated by Guadalupe County that caused a constitutional violation. Plaintiff has not shown that Guadalupe County failed to supervise, failed to screen in hiring, failed to train on the uses of deadly, secondary, or physical force, or failing to train on reasonable suspicion or probable cause. The video attached shows officers encountering an individual in distress, trespassing, acting erratically, and refusing to cooperate with law enforcement officers. These officers acted in line with their training from Guadalupe County, and their actions were reasonable based on the situation at hand.

### IV.     Defendants Did Not Use Excessive Force

Defendants note that Plaintiff once again uses these false statements in order to argue that Defendants used excessive force. Defendants have never conceded that Plaintiff was harmed by pepper rounds, Defendants did not know that Plaintiff was unarmed, and Defendants acted reasonably based on the information they had at the time of the encounter. In evaluating whether plaintiff has stated an excessive force claim the court should consider the following: "(1) the extent

of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *Hudson v. McMillian*, 112 S.Ct. 995, 999 (1992). Here, Plaintiff was not injured. He was immediately taken to the hospital after his arrest, and was cleared because he showed no sign of injury. Because of his erratic behavior, Defendants acted reasonably with force because they did not know whether or not he was armed, and did not know the threat posed to them. Defendant Saenz did de-escalate his response by switching to the pepper spray.

## V.     Malicious Prosecution Is Not a Violation of the United States Constitution

To the extent the plaintiff has asserted an independent claim of malicious prosecution, it is not actionable. The Fifth Circuit has held that malicious prosecution itself is not a violation of the United States Constitution, and to proceed under § 1983, such a claim must rest upon a denial of rights secured under federal and not state law. *Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003). "No such freestanding constitutional right exists." *Id.* at 945. The plaintiff is essentially saying that the deadly conduct charge against him was made without probable cause. Causing charges to be filed without probable cause is not enough, without more, to state a constitutional violation. *See Scott v. Caldwell*, 2008 WL 2329595, *3 n. 10 (E.D. Tex. 2008). Moreover, the lack of probable cause is a basic element to pursing any sort of malicious prosecution claim. *Scott v. Caldwell*, 2008 WL, 2008 WL 2329595 at *3 n. 10; *Hawkins v. Texas*, 2007 WL 983145, *6 (E.D. Tex. 2007). Since there is probable cause for the Plaintiff's arrest on several bases, the Plaintiff's malicious prosecution claim fails.

### VI. Plaintiff Did Not Plead a Valid ADA Discrimination Claim

Plaintiff states that he made it known that he had diagnosed dyslexia. However, Plaintiff never tells Defendants that he has dyslexia. In fact, Plaintiff's wife appears at the scene and tells the officers that he did not have any mental health issues. The only indication that Plaintiff gives towards a mental health diagnosis is that he did not understand his Miranda Rights. At the scene of the incident, not understanding Miranda Rights could have been interpreted in a variety of ways, especially given Plaintiff's obstruction of communication. Without a clear indication that Plaintiff had dyslexia, Defendants could not have determined the diagnosis. Further, Plaintiff did not show that Defendants treated him differently because of a dyslexia diagnosis. He also cannot show that any Guadalupe County policy created a constitutional violation because of his dyslexia.

### VII. Conclusion

Plaintiff failed to meet his burden under the 12(b)(6) standard, and for those reasons, Defendants pray that all relief requested by Plaintiff be denied, and that Defendants recover their costs and attorney's fees, along with such other relief to which they may show themselves to be entitled.

Respectfully submitted,

/s/ Susana Naranjo-Padron
J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com
Susana Naranjo-Padron
SBN: 24105688
s.naranjo-padron@allison-bass.com
**ALLISON, BASS & MAGEE, L.L.P.**
1301 Nueces Street, Suite 201
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 30th day of August 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

Andres Cano
1140 South Laredo
P.O. Box 830742
San Antonio, Texas 78204
(210) 320-2020
(210) 263-7667 (fax)
Dx4829@gmail.com

                                            /s/ Susana Naranjo-Padron
                                            Susana Naranjo-Padron